Ruben T. Varela
2249 Camino Del Sol
Fullerton, California 92833
(714) 864-0150
Plaintiff in Pro Per

ORIGINAL

[FILED stamp: 2012 AUG -1 PM 2:59 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA BY: ___]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SACV 12 · 01240 UA (Duty)

| | |
|---|---|
| **Ruben T. Varela,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681b** *et seq.* |
| **CREDIT ONE BANK, N.A.,** | |
| Defendant | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

COMES NOW the plaintiff, **Ruben T. Varela** ("Plaintiff"), and for his complaint against Defendant CREDIT ONE BANK, N.A., states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought for willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681b *et seq.*

///

///

///

## JURISDICTION

2. The Court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692k and 15 U.S.C § 1681p. The court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper pursuant to 28 U.S.C § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff, Ruben T. Varela, was and remains:

   (a) A natural person, and an individual, domiciled in the city of Fullerton, state of California, county of Orange; and

   (b) a "consumer" as defined by the FCRA 15 U.S.C. § 1681a(c).

5. Plaintiff is informed and believes and on that basis alleges that Defendant CREDIT ONE BANK, N.A. ("Defendant" or "COB") was and remains, at all times mentioned herein:

   (a) an unknown entity, not authorized to do business in California, residing at 585 Pilot Road, Las Vegas, NV 89119; and

   (b) a "person" as that term is defined under the FCRA 15 U.S.C. § 1681a(c); and

   (c) a "user" of consumer credit and other financial information, as that term is contemplated under the FCRA.

///

## STATEMENT OF FACTS

6. During the month of February, 2011, Plaintiff obtained a copy of his consumer report from consumer reporting agency Experian Information Solutions, Inc. ("Experian").

///

7. Upon review of his Experian consumer report, Plaintiff noticed that Defendant requested and obtained his Experian consumer report on February 19, 2009, April 21, 2009, July 20, 2009, and September 14, 2009.

8. For the period from February, 2009, through September, 2009 (the "relevant period"), when Defendant requested and obtained Plaintiff consumer report from Experian, Plaintiff states as follows:

> A. Plaintiff denies granting Defendant authorization to obtain Plaintiff's consumer report from Experian.
>
> B. Plaintiff denies granting Experian authorization to furnish his consumer report to Defendant.
>
> C. Plaintiff denies owing any debt obligation to Defendant.
>
> D. Plaintiff denies applying for credit, loans, or services from Defendant.
>
> E. Plaintiff denies having any open account with Defendant.
>
> F. Plaintiff denies being named as an "authorized user" on any account with Defendant.
>
> G. Plaintiff denies ever receiving any firm offer of credit or insurance from Defendant during the relevant period, or anytime thereafter.

9. Plaintiff knows of no permissible purpose that Defendant had for obtaining his Experian consumer report during the relevant period.

10. Therefore, Plaintiff is informed and believes and on that basis alleges that Defendant obtained his Experian consumer report on February 19, 2009, without a permissible purpose, and as a result, Defendant violated the FCRA 15 U.S.C. § 1681b(f).

11. Plaintiff is informed and believes and on that basis alleges that Defendant obtained his Experian consumer report on April 21, 2009, without a permissible purpose, and as a result, Defendant violated the FCRA 15 U.S.C. § 1681b(f).

(b) Defendant willfully violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on April 21, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(c) Defendant willfully violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on July 20, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(d) Defendant willfully violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on September 14, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

///

## CLAIM II
## DEFENDANT'S VIOLATIONS OF FCRA 15 U.S.C. § 1681b *et seq.*, NEGLIGENT NON-COMPLIANCE

17. Plaintiff restates and reiterates herein all previous paragraphs.

18. Defendant negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Defendant negligently violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on February 19, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(b) Defendant negligently violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on April 21, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(c) Defendant negligently violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on July 20, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(d) Defendant negligently violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on September 14, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

///

## REQUEST FOR RELIEF

WHEREFORE, Defendant has violated the provisions of the FCRA, Plaintiff hereby requests:

19. Judgment for damages against Defendant for the greater of actual damages or statutory damages in the amount of $4,000, and punitive damages as a deterrent to Defendant's future commission of such unlawful conduct, as described herein, and costs, pursuant to 15 U.S.C. § 1681n.

20. Judgment for damages against Defendant for the greater of actual damages or statutory damages in the amount of $4,000, and costs, pursuant to 15 U.S.C. § 1681o.

21. Any further relief which the court may deem appropriate.

## DEMAND FOR JURY TRIAL

22. Plaintiff hereby requests a jury trial on all of the issues raised in this complaint.

///

Dated: *August 1, 2012*

By: _____
Ruben T. Varela
*Plaintiff in Pro Per*