FILED
2012 AUG -9 PM 2:53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| RUBEN T. VARELA, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV 12-1240 UA (DUTYx) |
| v. | |
| CREDIT ONE BANK, N.A., | ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE |
| DEFENDANT(S). | |

IT IS ORDERED that the complaint may be filed without prepayment of the filing fee.

Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____                    _____
Date                                        United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency                ☐ District Court lacks jurisdiction
☒ Legally and/or factually patently frivolous    ☐ Immunity as to _____
☐ Other: _____

Comments:

SEE ATTACHMENT (pages 2 and 3)

AUGUST 6, 2012                              _____
Date                                        United States Magistrate Judge

---

IT IS ORDERED that the request of plaintiff to file the action without prepayment of the filing fee is:
☐ GRANTED        ☒ DENIED (See comments above).

8/8/12                                      _____
Date                                        United States District Judge

---

Attachment
to
Order re Leave to File Action Without Prepayment of Filing Fee

*Ruben T. Varela v. Credit One Bank, N.A.,*
SACV 12-01240 UA (DUTYx)

The complaint is frivolous and fails to state a plausible claim under 15 U.S.C. § 1681b(f) because it is based upon vague, conclusory, and speculative allegations, none of which set forth a facially plausible claim that defendant Credit One Bank, N.A. obtained Plaintiff's consumer report for an impermissible purpose within the meaning of 15 U.S.C. § 1681b(f). *See Ashcroft v. Iqbal*, 566 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009) (conclusory allegations insufficient). Accordingly, Plaintiff's request to proceed in forma pauperis ("IFP Request") is denied.

The Court also takes judicial notice of its own records that establish Varela has previously filed an IFP Request that was denied because the corresponding proposed complaint raised a similar claim that was found to be frivolous and failed to state a plausible claim for relief. *See Varela v. American Express Company*, SACV 11-1513 UA (DUTYx), 10/05/11 Order denying IFP Request (AN/ABC). Further, the Court takes judicial notice that Varela has commenced at least 10 other IFP actions where he makes the same or similar claims in proposed complaints brought against financial services or related companies seeking small amounts of monetary damages ($1,000 - $4,000), and that it appears Varela is using this Court as a tool to harass and/or extort small settlements from such defendants, who are forced to make an economic decision to settle for nuisance value instead of incur the substantially greater costs of a meritorious defense. *See* Varela's pending IFP Request, Response to Question 2 (e) (listing other income of $6,000 from settlements); *see also, Varela v. Midland Credit Management Inc., et al.*, CV 12-03682 AG (RNBx) (filed 04/27/12; **pending**); *Varela v. Tate and Kirlin Associates Inc., et al.*, SACV 11-00888 JVS (MLGx) (filed 06/13/11; closed 02/15/12); *Varela v. Plaza Associates, et al.*, SACV 11-00890 CJC (MLGx) (filed 06/14/11; closed 01/03/12); *Varela v. Midland Credit Management Inc., et al.*, SACV 11-00891 AG (RNBx) (filed 06/14/11; closed 06/13/12); *Varela v. AT and T Mobility LLC, et al.*, SACV 11-00930 CJC (MLGx) (filed 06/20/11; closed 01/10/12); *Varela v. American Express Company*, SACV 11-00945 AG (ANx) (filed 06/23/11; closed 12/05/11); *Varela v. American Express Company*, SACV 11-01568 MLG (filed 10/11/11; closed 10/27/11); *Varela v. Patenaude & Felix, A Professional Corporation, et al.*, SACV 12-00543 AG (MLGx) (filed 04/10/12;

**pending**); *Varela v. American Express Company*, SACV 12-00729 DOC (MLGx) (filed 05/07/12; closed 06/06/12); *Varela v. Allied Collection Services of California LLC, et al.*, SACV 12-00793 JVS (RNBx) (filed 05/16/12; **pending**). It appears the IFP Requests in these other lawsuits were granted on a perfunctory basis since they did not involve prisoner actions, not because the proposed complaints stated plausible claims.

Under the circumstances, Varela is hereby notified and warned the next time he commences a similar action where the Court finds his proposed complaint is frivolous and/or fails to state a claim, Varela will be declared a vexatious litigant, and he will be barred from filing any future actions raising the same or similar types of claims unless he pays the full filing fee. The Clerk of the Court is also directed to distribute copies of this Order to the judges in the aforementioned cases that are still pending (AG and JVS).

Ruben T. Varela
2249 Camino Del Sol
Fullerton, California 92833
(714) 864-0150
Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SACV 12·01240 UA (Duty x)

| | |
|---|---|
| **Ruben T. Varela,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681b** *et seq.* |
| **CREDIT ONE BANK, N.A.,** | |
| Defendant | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

COMES NOW the plaintiff, **Ruben T. Varela** ("Plaintiff"), and for his complaint against Defendant CREDIT ONE BANK, N.A., states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages brought for willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681b *et seq.*

///

///

///

## JURISDICTION

2. The Court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692k and 15 U.S.C § 1681p. The court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper pursuant to 28 U.S.C § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff, Ruben T. Varela, was and remains:

    (a) A natural person, and an individual, domiciled in the city of Fullerton, state of California, county of Orange; and

    (b) a "consumer" as defined by the FCRA 15 U.S.C. § 1681a(c).

5. Plaintiff is informed and believes and on that basis alleges that Defendant CREDIT ONE BANK, N.A. ("Defendant" or "COB") was and remains, at all times mentioned herein:

    (a) an unknown entity, not authorized to do business in California, residing at 585 Pilot Road, Las Vegas, NV 89119; and

    (b) a "person" as that term is defined under the FCRA 15 U.S.C. § 1681a(c); and

    (c) a "user" of consumer credit and other financial information, as that term is contemplated under the FCRA.

///

## STATEMENT OF FACTS

6. During the month of February, 2011, Plaintiff obtained a copy of his consumer report from consumer reporting agency Experian Information Solutions, Inc. ("Experian").

///

7. Upon review of his Experian consumer report, Plaintiff noticed that Defendant requested and obtained his Experian consumer report on February 19, 2009, April 21, 2009, July 20, 2009, and September 14, 2009.

8. For the period from February, 2009, through September, 2009 (the "relevant period"), when Defendant requested and obtained Plaintiff consumer report from Experian, Plaintiff states as follows:

    A. Plaintiff denies granting Defendant authorization to obtain Plaintiff's consumer report from Experian.

    B. Plaintiff denies granting Experian authorization to furnish his consumer report to Defendant.

    C. Plaintiff denies owing any debt obligation to Defendant.

    D. Plaintiff denies applying for credit, loans, or services from Defendant.

    E. Plaintiff denies having any open account with Defendant.

    F. Plaintiff denies being named as an "authorized user" on any account with Defendant.

    G. Plaintiff denies ever receiving any firm offer of credit or insurance from Defendant during the relevant period, or anytime thereafter.

9. Plaintiff knows of no permissible purpose that Defendant had for obtaining his Experian consumer report during the relevant period.

10. Therefore, Plaintiff is informed and believes and on that basis alleges that Defendant obtained his Experian consumer report on February 19, 2009, without a permissible purpose, and as a result, Defendant violated the FCRA 15 U.S.C. § 1681b(f).

11. Plaintiff is informed and believes and on that basis alleges that Defendant obtained his Experian consumer report on April 21, 2009, without a permissible purpose, and as a result, Defendant violated the FCRA 15 U.S.C. § 1681b(f).

12. Plaintiff is informed and believes and on that basis alleges that Defendant obtained his Experian consumer report on July 20, 2009, without a permissible purpose, and as a result, Defendant violated the FCRA 15 U.S.C. § 1681b(f).

13. Plaintiff is informed and believes and on that basis alleges that Defendant obtained his Experian consumer report on September 14, 2009, without a permissible purpose, and as a result, Defendant violated the FCRA 15 U.S.C. § 1681b(f).

14. Plaintiff alleges that as a proximate result of Defendant's willful and/or negligent violations of the FCRA, as described herein, Plaintiff has suffered, and continues to suffer actual damages including violations to his privacy and seclusion, mental anguish, and emotional distress, including but not limited to injury to Plaintiff's feelings, anxiety, stress, and frustration over the total loss of control over his personal, confidential and private property, unlawfully confiscated, and over not knowing whether it has been sold into the marketplace by Defendant to the highest bidder.

///

## CLAIM I
### DEFENDANT'S VIOLATIONS OF FCRA 15 U.S.C. § 1681b *et seq.*, WILLFULL NON-COMPLIANCE

15. Plaintiff restates and reiterates herein all previous paragraphs.

16. Defendant willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Defendant willfully violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on February 19, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(b) Defendant willfully violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on April 21, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(c) Defendant willfully violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on July 20, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(d) Defendant willfully violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on September 14, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

///

## CLAIM II
## DEFENDANT'S VIOLATIONS OF FCRA 15 U.S.C. § 1681b *et seq.*, NEGLIGENT NON-COMPLIANCE

17. Plaintiff restates and reiterates herein all previous paragraphs.

18. Defendant negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

(a) Defendant negligently violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on February 19, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(b) Defendant negligently violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on April 21, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(c) Defendant negligently violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on July 20, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

(d) Defendant negligently violated 15 U.S.C. § 1681b(f), by obtaining Plaintiff's consumer report on September 14, 2009, without a permissible purpose, as defined by 15 U.S.C. § 1681b *et seq.*

///

## REQUEST FOR RELIEF

WHEREFORE, Defendant has violated the provisions of the FCRA, Plaintiff hereby requests:

19. Judgment for damages against Defendant for the greater of actual damages or statutory damages in the amount of $4,000, and punitive damages as a deterrent to Defendant's future commission of such unlawful conduct, as described herein, and costs, pursuant to 15 U.S.C. § 1681n.

20. Judgment for damages against Defendant for the greater of actual damages or statutory damages in the amount of $4,000, and costs, pursuant to 15 U.S.C. § 1681o.

21. Any further relief which the court may deem appropriate.

## DEMAND FOR JURY TRIAL

22. Plaintiff hereby requests a jury trial on all of the issues raised in this complaint.

///

Dated: August 1, 2012

By: *[signature]*
Ruben T. Varela
*Plaintiff in Pro Per*

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Ruben T. Varela
2249 Camino Del Sol
Fullerton, CA 92833
(714) 864-0150
Plaintiff in Pro Per

ATTORNEYS FOR:

RECEIVED/RETURNED
AUG - 9 2012
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Ruben T. Varela

Plaintiff(s),

v.

CREDIT ONE BANK, N.A.,

Defendant(s)

CASE NUMBER:

SACV 12 - 01240 UA (Duty x)

CERTIFICATION AND NOTICE
OF INTERESTED PARTIES
(Local Rule 7.1-1)

TO:   THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  Ruben T. Varela, Plaintiff in Pro Per
(or party appearing in pro per), certifies that the following listed party (or parties) may have a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal. (Use additional sheet if necessary.)

**PARTY**                                         **CONNECTION**
(List the names of all such parties and identify their connection and interest.)

| Party | Connection |
|---|---|
| Ruben T. Varela | Plaintiff |
| CREDIT ONE BANK, N.A. | Defendant |
| SHERMAN FINANCIAL GROUP, LLC | Defendant's Parent Company |
| EXPERIAN INFORMATION SOLUTIONS, INC. | Consumer Reporting Agency |

August 1, 2012
Date

Sign

Ruben T. Varela, Pro Se
Attorney of record for or party appearing in pro per

CV-30 (04/10)                          NOTICE OF INTERESTED PARTIES

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)

Ruben T. Varela

**DEFENDANTS**

CREDIT ONE BANK, N.A.

ORIGINAL

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

2249 Camino Del Sol
Fullerton, CA 92833
(714)864-0150

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** **JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No ☑ **MONEY DEMANDED IN COMPLAINT:** $ $4,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | | | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **SACV12-01240** μA (Duty x)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Credit One Bank, N.A. resides in the state of Nevada. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_    Date August 1, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |